## MOSES W. REED *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.    March 21, 1895. — June 21, 1895.

Present: FIELD, C. J., MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Offer of Proof — Negligence.*

An employee, who, while attempting with another to place a heavy iron casting on a truck, is injured by the jarring of the floor occasioned thereby, causing other castings to fall in the direction of the truck, cannot recover for the injuries from his employer, if he fails to prove that the castings were in a dangerous position, and that the employer knew it, or that they had remained in this position so long a time that the employer ought to have known it.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court before *Hopkins*, J., who, upon the plaintiff's offer of proof, ruled that he was not entitled to recover and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. W. Pickering*, for the plaintiff.

*W. Hudson*, for the defendant.

LATHROP, J.    We are of opinion in this case that the plaintiff's offer of proof fails to show any negligence on the part of the defendant. There was a lot of iron castings standing upon the floor of a building owned by the defendant, which weighed from two hundred and fifty to three hundred pounds apiece. The plaintiff was sent to help one Bishop move them. Bishop and the plaintiff attempted to place one of these castings upon a truck, and for that purpose took hold of it and tipped it over against the truck, when the jarring of the floor occasioned thereby caused the other castings to fall down in the direction of the truck; and the plaintiff was injured. The plaintiff also offered to show that he was in the exercise of due care; and that "the floor was old, broken, and decayed in some places."

There was no offer to show that there was any structural defect or weakness in the building, or that the floor was in bad condition near the place of the accident. The offers of proof were very vague and indefinite.

It cannot be contended that the defendant was bound so to construct and maintain its building that the floor would not jar, under any circumstances, or under the weight tipped over upon it in this case.   The cause of the accident was the falling over of the castings.   If it was a proper thing to tip over a casting upon the truck, then it was an improper thing to place other castings in such a position that they would fall over upon being jarred.   But there is no offer to prove who put them there, or how long they had been there.   Presumably they were put where they were by the fellow servants of the plaintiff.   To hold the defendant responsible there should have been an offer to prove that they were in a dangerous position, and the defendant knew it, or that they had remained in this position so long a time that it ought to have known it.

*Exceptions overruled.*